UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ISAAC PETERSON, | ) | CASE NO. 1:24-CV-542 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| KASEY LANDHANDLE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

### I. INTRODUCTION

*Pro se* Plaintiff Isaac Peterson filed this action under 18 U.S.C. §§ 241, 242 against Cuyahoga County Sheriff's Deputy Kasey Landhandle. (ECF No. 1, PageID #4). Plaintiff's complaint alleges that he was traveling east on I-90 when he was pulled over, ordered out of his vehicle, "kidnapped and handcuffed with my automobile torn apart," and "[d]enied my lawyer and still questioned through threat of imprisonment." (*Id*. at PageID #1). Plaintiff adds that he informed the "domestic terrorist" that he "was not engaging in transportation nor commercial." (*Id*. at PageID #5). He seeks $6,500,000.00 in damages. (*Id*.).

Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 2). That application is **GRANTED**.

### II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law

1

or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleadings in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. DISCUSSION

Federal Civil Procedure Rule 8 requires Plaintiff to, among other things, submit a short, plain, and concise statement of his claims showing his entitlement to relief. To meet the minimum notice pleading requirements of Rule 8, the complaint must give Defendant fair notice of what Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff does not allege any facts to suggest how Defendant violated his constitutional rights. Plaintiff alleges he was arrested, and his vehicle was searched. (ECF No. 1, PageID #1). Those actions are not per se violations of the United States Constitution. Plaintiff alleges that he was denied counsel and questioned. (*Id*. at PageID #1, 5). However, Plaintiff does not explain the circumstances surrounding that allegation,

such as whether he was subjected to custodial interrogation when counsel was denied. There is not enough information for the Court to identify a potential constitutional violation. Plaintiff alleges no facts that connect Defendant to the actions alleged in the complaint. Other than identifying Kasey Landhandle as the Defendant in this case, Plaintiff's complaint does not specify how Defendant was involved in the circumstances alleged. Without additional facts, Plaintiff fails to meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

In addition to inadequate pleadings, Plaintiff's only listed causes of action are violations of 18 U.S.C. §§ 241 and 242.[1] (ECF No. 1, PageID #4). These are criminal statutes. They do not provide a private right of action in a civil case. *Booth v. Henson*, No. 06-1738, 2008 WL 4093498, at *1 (6th Cir. Sept. 5, 2008); *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994). Plaintiff lacks standing to assert violations of 18 U.S.C. §§ 241 and 242. *Id*. With no other cognizable causes of action identified, Plaintiff failed to state a claim upon which relief may be granted.

### IV. CONCLUSION

Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**. This action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: May 30, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff also cites the "Declaration of the Naturalization Act July 1779." (ECF No. 1, PageID #4). This is not a federal statute, federal treaty, and/or provision of the United States Constitution, so it is not a cognizable cause of action.